# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Clarence Maddox**
Court Administrator • Clerk of Court

```
FILED

OCT 1 9 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY
```

301 North Miami Avenue
Miami, Florida 33128-7788
(305) 523-5100

October 11, 2007

United States District Court
Southern District of California
4290 Edward J. Schwartz United States Courthouse
940 Front Street
San Diego, CA 92101

RE: USA vs. **Judith Massaro**
Case No. **07-60241-CR-MARRA**

**'07 CR 29 20 W**

Dear Sir or Madam:

The defendant in the above case has entered a Consent to Transfer of Case for Plea and Sentence (*Under Rule 20*) and is being transferred to your court. The following items are being forwarded herewith:

> (1) certified Consent to Transfer of Case for Plea and Sentence (*Under Rule 20*)
> (1) certified copy of the Indictment/Information
> (1) certified copy of the Docket Sheet

Please acknowledge receipt of the above on the enclosed copy of this letter and return  it the envelope which has been provided.

CLARENCE MADDOX
Clerk of Court•Court Administrator

by: _____
     Barbara Sohn
     Deputy Clerk

Encl.

---

*The Mission of the Clerk's Office for the Southern District of Florida is to be the mechanism*
*for the judges, the bar, litigants, and the public, to resolve disputes in a just and efficient manner.*

JMH

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CRIMINAL DOCKET FOR CASE #: 0:07-cr-60241-KAM-ALL

Case title: USA v. Massaro        Date Filed: 10/05/2007

Assigned to: Judge Kenneth A. Marra

**Defendant**

**Judith Massaro** (1)
*TERMINATED: 10/11/2007*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 26:7212A.F OBSTRUCTION OF JUSTICE BY CORRUPTLY ENDEAVORING TO IMPEDE OR IMPAIR THE ADMINISTRATION OF INTERNAL REVENUE LAWS (1) | transferred to Southern District of California |

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U. S. District Court
Southern District of Florida

_Bilana Sh_   Deputy Clerk
Date 10/11/07

---

**Plaintiff**

**USA**                        represented by **Kenneth C. Vert**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
202-514-5150
Fax: 202-514-8455
Email:
Kenneth.C.Vert@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|-----|-------------|
| 10/05/2007 | ❶1 | INFORMATION as to Judith Massaro (1) count(s) 1. (at) (Entered: 10/05/2007) |
| 10/11/2007 | ❶2 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Southern District of California ; Counts closed as to Judith Massaro (1) Count 1. (bs) (Entered: 10/11/2007) |
| 10/11/2007 | ❶3 | Transmittal Letter as to Judith Massaro sent to Southern District of California with Consent to Transfer (bs) (Entered: 10/11/2007) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**07-602 41**   CASE NO. **CR-MARRA**   HOPKINS

26 U.S.C. § 7212(a)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JUDITH MASSARO, | ) |
| | ) |
| Defendant. | ) |

FILED
2007 OCT -5 PM 2:10

### INFORMATION

The United States Attorney charges:



Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

Deputy Clerk
Date   10-11-07

### COUNT 1

At various times relevant to this Indictment:

### General Allegations

1.   Defendant JUDITH MASSARO, a resident of El Cajon, California, was employed as a bookkeeper. From in or about September 2001 to in or about April 2006, defendant JUDITH MASSARO embezzled approximately $158,000 from her employer.

2.   From at least May 2002 to at least May 2006, the defendant JUDITH MASSARO provided tens of thousands of dollars to her sister who resided in Boca

Raton, Florida.

3.    The ex-husband of defendant JUDITH MASSARO's sister ("the ex-

brother-in-law") was an officer and director of Harvard Learning Centers, Inc.

("HVLN"). HVLN was a Florida corporation with its principal place of business in Boca

Raton, Florida, whose securities traded publicly on the "pink sheets." The company was

previously known as American Way Business Development, American Way Home Based

Businesses, and DCGR International Holdings, Inc. HVLN has claimed to be involved in

several different business ventures. At various times, HVLN claimed to have purchased a

cigar company, a kidney dialysis center and the rights to an adult sex game. The company

also claimed to have signed letters of intent to purchase a bill collecting agency and a

windmill manufacturer. For a time, HVLN offered college admissions examination

preparation courses.

4.    From in or about October 2004 to in or about March 2007, defendant

JUDITH MASSARO's ex-brother-in-law caused HVLN to issue hundreds of millions of

shares of stock to defendant JUDITH MASSARO by falsely claiming that the stock was

being issued as payment for promissory notes from HVLN to defendant JUDITH

MASSARO. Defendant JUDITH MASSARO signed conversion notices in which she

agreed to receive HVLN stock as payment for the promissory notes. In reality, defendant

JUDITH MASSARO's ex-brother-in-law issued the stock to defendant JUDITH

MASSARO to repay her for money that she had provided to her sister. Defendant

JUDITH MASSARO knew that the promissory notes were fraudulent in that HVLN did

2

not owe the sums reflected on the promissory notes to defendant JUDITH MASSARO.

## Statutory Allegation

5.     From in or about October 2004, through on or about April 15, 2007, in the

Southern District of Florida and elsewhere, the defendant JUDITH MASSARO did

corruptly obstruct and impede, and endeavor to obstruct and impede, the due

administration of the Internal Revenue laws as follows:

## Objects of the Offense

6.     The objects of the offense were the following:

a.     For defendant JUDITH MASSARO to fail to report to the Internal

Revenue Service ("IRS") on her personal federal income tax returns funds that she

misappropriated from her employer; and

b.     For defendant JUDITH MASSARO to assist her ex-brother-in-law in

concealing from the IRS that he was issuing HVLN stock to repay his own personal

obligations.

## Means of the Corrupt Endeavor to Obstruct and Impede

7.     Among the means and methods used by defendant JUDITH MASSARO as

part of the corrupt endeavor to obstruct and impede the due administration of the Internal

Revenue laws were the following:

3

a.    Defendant JUDITH MASSARO filed false personal federal income tax returns for the years 2001 through 2006 which she knew failed to report taxable income that she received from embezzling money from her employer.

b.    From in or about October 2004 through at least in or about March 2007, defendant JUDITH MASSARO assisted her ex-brother-in-law to conceal from the IRS that he was issuing HVLN stock to pay his personal obligations, namely to repay defendant JUDITH MASSARO for providing money to his ex-wife, by falsely claiming that the stock was being issued as payment for promissory notes from HVLN to defendant JUDITH MASSARO.

All in violation of Title 26, United States Code, Section 7212(a).


R. Alexander Acosta
United States Attorney


Kenneth C. Vert
Trial Attorney
Department of Justice


Jeffrey A. McLellan
Trial Attorney
Department of Justice

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JUDITH MASSARO,

_____ Defendant. /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

Court Division: (Select One)

New Defendant(s)          Yes _____   No _____
Number of New Defendants          _____
Total number of counts          _____

___ Miami  ___ Key West
_✓_ FTL    ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    _No_
   List language and/or dialect    _____

4. This case will take    _0_    days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

   I    0 to 5 days      _✓_           Petty      _____
   II   6 to 10 days     _____       Minor      _____
   III  11 to 20 days    _____       Misdem.    _____
   IV   21 to 60 days    _____       Felony     _✓_
   V    61 days and over _____

6. Has this case been previously filed in this District Court? (Yes or No)    _No_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    _No_
   If yes:
   Magistrate Case No.    _____
   Related Miscellaneous numbers:    _____
   Defendant(s) in federal custody as of    _____
   Defendant(s) in state custody as of    _____
   Rule 20 from the    _____    District of    _____

   Is this a potential death penalty case? (Yes or No)    _____

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to
   April 1, 2003?    _____ Yes    _✓_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to
   April 1, 1999?    _____ Yes    _✓_ No
   If yes, was it pending in the Central Region?    _____ Yes    _____ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior
   to October 14, 2003?    _____ Yes    _✓_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to
    May 18, 2003?    _____ Yes    _✓_ No

11. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior
    to September 1, 2007?    _✓_ Yes    _____ No

_____
Kenneth C. Vert
Assistant United States Attorney
Court Bar No. A5501132

*Penalty Sheet(s) attached

REV.9/11/07

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:  __JUDITH MASSARO__  No.: _____

**Count #1:**
Obstruction of justice by corruptly endeavoring to impede or impair the administration of internal
revenue laws; in violation of 26 U.S.C. § 7212(a)
*Max Penalty:  Three years imprisonment; 1 year supervised release and $250,000 fine

**Count #:**

*Max Penalty:

**Count #:**

*Max Penalty: 

**Count #:**

*Max Penalty: 

**Count #:**

*Max Penalty: 

**Count #:**

*Max Penalty: 

**Count #:**

*Max Penalty: 

**Count #:**

*Max Penalty: 

**Count #:**

*Max Penalty: 

**Count #:**

*Max Penalty: 

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

AO 455 (REV. 5/85) Waiver of Indictment

# *United States District Court*

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JUDITH MASSARO

WAIVER OF INDICTMENT

CASE NUMBER 07-602 1

CR-MARRA / HOPKINS

I, JUDITH MASSARO, the above named defendant, who is accused of knowingly and willfully obstructing justice by corruptly endeavoring to impede or impair the administration of internal revenue laws, in violation of Title 26, United States Code, Section 7212(a); being advised of the nature of the charges, the proposed information, and of my rights, hereby waive in open court on _____, 2007, prosecution by indictment and consent that the proceeding may be by information rather than by indictment.

_____
JUDITH MASSARO
Defendant

_____
HOWARD FRANK
Counsel for Defendant

Before _____
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

Duplicate  SOUTHERN DISTRICT OF FLORIDA  Duplicate

**Clarence Maddox**
Court Administrator • Clerk of Court

301 North Miami Avenue
Miami, Florida 33128-7788
(305) 523-5100

October 11, 2007

United States District Court
Southern District of California
4290 Edward J. Schwartz United States Courthouse
940 Front Street
San Diego, CA 92101

RE: US vs. **Judith Massaro**
Case No.**07-60241-CR-MARRA**

Dear Sir or Madam:

The defendant in the above case has entered a Consent to Transfer of Case for Plea and Sentence (*Under Rule 20*) and is being transferred to your court. The following items are being forwarded herewith:

> (1) certified Consent to Transfer of Case for Plea and Sentence (*Under Rule 20*)
> (1) certified copy of the Indictment/Information
> (1) certified copy of the Docket Sheet

Please acknowledge receipt of the above on the enclosed copy of this letter and return  it the envelope which has been provided.

CLARENCE MADDOX
Clerk of Court•Court Administrator

by: _____
Barbara Sohn
Deputy Clerk

Encl.

CLERK'S ACKNOWLEDGMENT OF RECEIPT

This case has been assigned our case number:

_____

by: _____,
Deputy Clerk

Date: _____

Duplicate  ▥  Duplicate  ▥  Duplicate

*The Mission of the Clerk's Office for the Southern District of Florida is to be the mechanism*
*for the judges, the bar, litigants, and the public, to resolve disputes in a just and efficient manner.*

In the United States District Court

for the ___Southern_____ District of ___Florida_____

United States of America

v.                                            Criminal No. 07-60241-CR-MARRA

Judith Massaro

Consent to Transfer of Case

for Plea and Sentence

*(Under Rule 20)*

I, ___Judith Massaro_____, defendant, have been informed that a ___Information_____ (Indictment,

*information, complaint)* is pending against me in the above designated cause. I wish to plead ___Guilty_____

*(guilty, nolo contendre)* to the offense charged, to consent to the disposition of the case in the ___Southern_____

District of ___California___ in which I ___reside_____ *(am under arrest, am held)* and to waive

trial in the above captioned District.

Dated: SEPTEMBER 25, 2007 at SAN DIEGO CAL

_Judith Massaro_____
*(Defendant)*

_J. Hue Wault_____
*(Witness)*

_Lonard B Frank_____
*(Counsel for Defendant)*

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

_____ Deputy Clerk

Date 10-10-07

Approved

_Roger A Stefin_____                    _Michael Wheat AUSA_____
United States Attorney for the                United States Attorney for the

___Southern___ District of                    ___Southern___ District of

___Florida___                                 ___California___

FORM USA-133
SEP. 82

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.  07-60241-CR-MARRA

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )
                                 )
                                 )
JUDITH MASSARO,                  )
                                 )
            Defendant.           )
_____)

## PLEA AGREEMENT

The United States of America and JUDITH MASSARO (hereinafter referred to as the "defendant"), with the advice and consent of her counsel, Howard B. Frank, enter into the following agreement:

1.    The defendant agrees to waive indictment and to plead guilty to a one-count criminal information.  Count one charges the defendant with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws, in violation of Title 26, United States Code, Section 7212(a).

2.    The government agrees not to file any additional charges against the defendant regarding (a) her receipt of money from Seal Electric from January 1, 2001 through the date of this agreement, (b) her receipt, sale and transfer of the securities of

Harvard Learning Centers, Inc. and its predecessor companies, including American Way Business Development Corporation and DCGR International Holdings, Inc. as well as the disposition of the proceeds of those stock sales, for the period from January 1, 2001 through the date of this agreement; and (c) her federal income taxes for the years 2001 through 2006.

3.      The defendant understands that the offense of corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws (Count 1 of the Information) has the following elements:

        a)      The defendant knowingly endeavored to obstruct or impede the due administration of the Internal Revenue laws, as charged; and

        b)      The defendant did so corruptly.

4.      The defendant has fully discussed the facts of this case with defense counsel. The defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

        a)      From in or about October 2004, through on or about April 15, 2007, in the Southern District of Florida and elsewhere, the defendant did corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of the Internal Revenue laws.

        b)      The defendant, a resident of El Cajon, California, was employed as a bookkeeper. From in or about September 2001 to in or about April

2

2006, the defendant embezzled approximately $158,000 from her employer.

c)      From at least May 2002 to at least May 2006, the defendant provided tens of thousands of dollars to her sister who resided in Boca Raton, Florida.

d)      The ex-husband of defendant JUDITH MASSARO's sister ("the ex-brother-in-law") was an officer and director of Harvard Learning Centers, Inc. ("HVLN"). HVLN was a Florida corporation with its principal place of business in Boca Raton, Florida, whose securities traded publicly on the "pink sheets." The company was previously known as American Way Business Development, American Way Home Based Businesses, and DCGR International Holdings, Inc.

e)      From in or about October 2004 to in or about March 2007, the defendant's ex-brother-in-law caused HVLN to issue hundreds of millions of shares of stock to the defendant by falsely claiming that the stock was being issued as payment for promissory notes from HVLN to the defendant. The defendant signed conversion notices in which she agreed to receive HVLN stock as payment for the promissory notes. In reality, the defendant's ex-brother-in-law issued the stock to the defendant to repay her for money that she had

3

provided to her sister. The defendant knew that the promissory notes were fraudulent in that HVLN did not owe the sums reflected on the promissory notes to the defendant.

f) The defendant filed false personal federal income tax returns for the years 2001 through 2006 which she knew failed to report taxable income that she received from embezzling money from her employer.

g) From in or about October 2004 through at least in or about March 2007, the defendant assisted her ex-brother-in-law to conceal from the IRS that he was issuing HVLN stock to pay his personal obligations, namely to repay the defendant for providing money to his ex-wife, by falsely claiming that the stock was being issued as payment for promissory notes from HVLN to the defendant.

5. The defendant understands that through this guilty plea she waives the right to:

a) continue to plead not guilty and require the government to prove the elements of the crime beyond a reasonable doubt;

b) a speedy and public trial by jury;

c) the assistance of counsel at all stages of trial;

d) confront and cross-examine adverse witnesses;

4

e)  present evidence and to have witnesses testify on behalf of the

defendant; and

f)  not testify or have any adverse inferences drawn from the failure to

testify.

6.  The defendant represents that:

a)  The defendant has had a full opportunity to discuss all the facts and

circumstances of this case with defense counsel, and has a clear

understanding of the charges and the consequences of this plea;

b)  No one has made any promises or offered any rewards in return for

this guilty plea, other than those contained in this plea agreement or

otherwise disclosed to the court;

c)  No one has threatened the defendant or defendant's family to induce

this guilty plea; and

d)  The defendant is pleading guilty because in truth and in fact the

defendant is guilty and for no other reason.

7.  The defendant agrees that if she does not enter a plea of guilty to the

Information or if the conviction following defendant's plea of guilty is vacated for any

reason, then any criminal charge that is not time-barred by the applicable statute of

limitations on the date of the signing of this agreement may be commenced against the

defendant, notwithstanding the expiration of the statute of limitations between the signing

5

of this Plea Agreement and the commencement of such prosecution. It is the intent of this

Plea Agreement to waive all defenses based on the statute of limitations with respect to

any prosecution that is not time-barred on the date that this Agreement is signed.

8.    If the defendant fails in any way to fulfill each of her obligations under this

Plea Agreement, the government may elect to be released from its commitments under

this Plea Agreement. The government may then prosecute the defendant for any and all

federal crimes that she has committed related to this case and may recommend to the

Court any sentence for such crimes up to and including the maximum sentence. The

defendant expressly waives any statute of limitations defense and any constitutional or

statutory speedy trial defense to such prosecution, except to the extent that such a defense

exists as of the date she signs this Plea Agreement. In addition, the defendant agrees that,

in such prosecution, all admissions and other information that she has provided at any

time, including all statements she has made and all evidence she has produced during

proffers, interviews, testimony, and otherwise, may be used against her, regardless of any

constitutional provision, statute, rule, or agreement to the contrary. Finally, the defendant

understands that her violation of the terms of this Plea Agreement would not entitle her to

withdraw her guilty plea in this case.

9.    The defendant is aware that the sentence will be imposed by the court after

considering the Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the court

will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

10.    The defendant understands and acknowledges that as to count one the court may impose a statutory maximum term of imprisonment of up to three years, followed by up to one year of supervised release; and a fine not to exceed the greater of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense.

7

11.    The defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

12.    The government reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.

13.    The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 9 above, that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8

14.    The government and defendant agree, pursuant to Fed. R. Crim. P. 11(c)(1)

and USSG § 1B1.3, they will jointly recommend that the Court make the following

findings and conclusions as to the sentence imposed:

    a)    The defendant and the government agree that the tax loss, including

          relevant conduct, under Section 2T4.1 of the 2006 Sentencing

          Guidelines resulting from the offense described in count one is more

          than $30,000 but less than $80,000. Accordingly, the defendant and

          the government agree that the base offense level is fourteen.

    b)    The defendant and the government agree that a two-point adjustment

          for failing to report more than $10,000 from during any one year

          from criminal activity pursuant to Section 2T1.1(b)(1) of the 2006

          Sentencing Guidelines is warranted.

    c)    Accordingly, the defendant and the government agree that the

          defendant's guidelines level is sixteen prior to any reduction for

          acceptance of responsibility.

15.    The United States and the defendant agree that, although not binding on the

probation office or the court, they will jointly recommend that the court impose a

sentence at the low end of the advisory sentencing guideline range produced by

application of the Sentencing Guidelines. The defendant reserves the right to seek a two-level

downward departure pursuant to Section 5K2.19 of the Sentencing Guidelines for post-offense

rehabilitation. The government reserves the right to oppose this departure. Although not binding on the probation office or the court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the court not otherwise depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

16.     The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court.  However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

17.     The defendant agrees that she shall cooperate fully with the government by:

10

a)    providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the government, whether in interviews, before a grand jury, or at any trial or other court proceeding; and

b)    appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the government.

18.    The government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the unreviewable judgment of the government, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, the government may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the government to file any such motion(s) and that the government's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of the government's filing of any such

motion is concerned.  If the government does make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, the defendant may request a sentence, based upon the defendant's cooperation, which constitutes a greater departure from the guidelines range than requested by the government.

19.    The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in paragraph 18 of this agreement should the government exercise its discretion to file any such motion.  The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

20.    The defendant agrees not to commit any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

21.    The defendant agrees to cooperate with the Internal Revenue Service in its civil examination and determination of income taxes related to her 2001 through 2006 income taxes and further agrees not to conceal or dissipate funds or property that could be used to satisfy such taxes.  At least ninety days prior to the expiration of any term of supervised release the defendant shall file true and correct amended individual income tax returns for the years 2001 through 2006, and make full payment, or make arrangements

satisfactory to the IRS to pay, any taxes, penalties and interest owed with regard to those years.   The defendant shall cooperate with and provide the Internal Revenue Service any documentation within the defendant's possession and control necessary for a correct computation of all taxes due and owing for the aforementioned calendar years.  The defendant further agrees to authorize the IRS-CI to turn over all pertinent grand jury material in this investigation to the IRS Civil Examination Division in order to allow the parties to determine if any additional taxes are due and owing for the years 2001 through 2006.  Nothing in this agreement shall otherwise limit the IRS in its determination of taxes, penalties and interest or Defendant's rights to available process to contest such civil determination.

22.    The defendant waives the restrictions contained in 26 United States Code § 6103 on disclosure of return information to permit the Department of Justice and Internal Revenue Service Criminal Investigation to publicly disclose information relating to this case that is not otherwise a matter of the public record.  The defendant waives any rights she may have pursuant to 26 U.S.C. § 7213, and any other right of privacy with respect to her tax returns and return information.

23.    The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant  hereby waives all rights conferred by Section 3742 to

appeal any sentence imposed, including any restitution order, or to appeal the manner in

which the sentence was imposed, unless the sentence exceeds the maximum permitted by

statute or is the result of an upward departure from the guideline range that the court

establishes at sentencing. The defendant further understands that nothing in this

agreement shall affect the government's right and/or duty to appeal as set forth in Title

18, United States Code, Section 3742(b). However, if the United States appeals the

defendant's sentence pursuant to Section 3742(b), the defendant shall be released from

the above waiver of appellate rights. By signing this agreement, the defendant

acknowledges that she has discussed the appeal waiver set forth in this agreement with

his/her attorney. The defendant further agrees, together with the United States, to request

that the district court enter a specific finding that the defendant's waiver of his/her right

to appeal the sentence to be imposed in this case was knowing and voluntary.

24.    This plea offer is explicitly conditioned on approval by the Chief, Southern

Criminal Enforcement Section, Tax Division, U.S. Department of Justice.

25.    This plea agreement is limited to the United States Attorney's Office for the

Southern District of Florida, and cannot bind any other federal, state or local prosecuting,

administrative, or regulatory authorities, although the Government will bring this plea

agreement to the attention of other authorities if requested by the defendant.

26.    This plea offer is explicitly conditioned on receipt by the Tax Division,

Department of Justice of a fully signed plea agreement no later than 5:00 P.M. on October 5,

2007. It is defendant's sole and complete responsibility to provide timely delivery of this

signed agreement by the date specified above in order for this offer to be effectively

accepted.

    27.    This is the entire agreement and understanding between the United States and

the defendant.  There are no other agreements, promises, representations, or understandings.


                    Respectfully submitted,

                    R. ALEXANDER ACOSTA
                    UNITED STATES ATTORNEY

Date: 9/24/07      By: _____
                    KENNETH C. VERT
                    TRIAL ATTORNEY
                    DEPARTMENT OF JUSTICE

Date: 9-25-07      _____
                    HOWARD FRANK
                    ATTORNEY FOR DEFENDANT

Date: 9/25/07      _____
                    JUDITH MASSARO
                    DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. **07 - 6024 1**

26 U.S.C. § 7212(a)

# CR · MARRA

/ HOPKINS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JUDITH MASSARO, | ) |
| Defendant. | ) |

**INFORMATION**

The United States Attorney charges:

<u>COUNT 1</u>

At various times relevant to this Indictment:

<u>General Allegations</u>

1.     Defendant JUDITH MASSARO, a resident of El Cajon, California, was

employed as a bookkeeper. From in or about September 2001 to in or about April 2006,

defendant JUDITH MASSARO embezzled approximately $158,000 from her employer.

2.     From at least May 2002 to at least May 2006, the defendant JUDITH

MASSARO provided tens of thousands of dollars to her sister who resided in Boca

Raton, Florida.

3.      The ex-husband of defendant JUDITH MASSARO's sister ("the ex-brother-in-law") was an officer and director of Harvard Learning Centers, Inc. ("HVLN"). HVLN was a Florida corporation with its principal place of business in Boca Raton, Florida, whose securities traded publicly on the "pink sheets." The company was previously known as American Way Business Development, American Way Home Based Businesses, and DCGR International Holdings, Inc. HVLN has claimed to be involved in several different business ventures. At various times, HVLN claimed to have purchased a cigar company, a kidney dialysis center and the rights to an adult sex game. The company also claimed to have signed letters of intent to purchase a bill collecting agency and a windmill manufacturer. For a time, HVLN offered college admissions examination preparation courses.

4.      From in or about October 2004 to in or about March 2007, defendant JUDITH MASSARO's ex-brother-in-law caused HVLN to issue hundreds of millions of shares of stock to defendant JUDITH MASSARO by falsely claiming that the stock was being issued as payment for promissory notes from HVLN to defendant JUDITH MASSARO. Defendant JUDITH MASSARO signed conversion notices in which she agreed to receive HVLN stock as payment for the promissory notes. In reality, defendant JUDITH MASSARO's ex-brother-in-law issued the stock to defendant JUDITH MASSARO to repay her for money that she had provided to her sister. Defendant JUDITH MASSARO knew that the promissory notes were fraudulent in that HVLN did

2

not owe the sums reflected on the promissory notes to defendant JUDITH MASSARO.

### Statutory Allegation

5.    From in or about October 2004, through on or about April 15, 2007, in the

Southern District of Florida and elsewhere, the defendant JUDITH MASSARO did

corruptly obstruct and impede, and endeavor to obstruct and impede, the due

administration of the Internal Revenue laws as follows:

### Objects of the Offense

6.    The objects of the offense were the following:

a.    For defendant JUDITH MASSARO to fail to report to the Internal

Revenue Service ("IRS") on her personal federal income tax returns funds that she

misappropriated from her employer; and

b.    For defendant JUDITH MASSARO to assist her ex-brother-in-law in

concealing from the IRS that he was issuing HVLN stock to repay his own personal

obligations.

### Means of the Corrupt Endeavor to Obstruct and Impede

7.    Among the means and methods used by defendant JUDITH MASSARO as

part of the corrupt endeavor to obstruct and impede the due administration of the Internal

Revenue laws were the following:

a.      Defendant JUDITH MASSARO filed false personal federal income

tax returns for the years 2001 through 2006 which she knew failed to report taxable

income that she received from embezzling money from her employer.

b.      From in or about October 2004 through at least in or about March

2007, defendant JUDITH MASSARO assisted her ex-brother-in-law to conceal from the

IRS that he was issuing HVLN stock to pay his personal obligations, namely to repay

defendant JUDITH MASSARO for providing money to his ex-wife, by falsely claiming

that the stock was being issued as payment for promissory notes from HVLN to defendant

JUDITH MASSARO.

All in violation of Title 26, United States Code, Section 7212(a).


R. Alexander Acosta
United States Attorney


Kenneth C. Vert
Trial Attorney
Department of Justice


Jeffrey A. McLellan
Trial Attorney
Department of Justice

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | **CERTIFICATE OF TRIAL ATTORNEY**\* |
| **JUDITH MASSARO,** | |
| Defendant. | **Superseding Case Information:** |
| _____/ | |

| Court Division: (Select One) | |
|---|---|
| | New Defendant(s)      Yes _____   No _____ |
| ___ Miami    ___ Key West | Number of New Defendants      _____ |
| _✓_ FTL    ___ WPB    ___ FTP | Total number of counts      _____ |

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)      _No_
    List language and/or dialect      _____

4.  This case will take      _0_      days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                        (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _✓_ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | _✓_ |
| V | 61 days and over | _____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No)      _No_
    If yes:
    Judge: _____      Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)      _No_
    If yes:
    Magistrate Case No.      _____
    Related Miscellaneous numbers:      _____
    Defendant(s) in federal custody as of      _____
    Defendant(s) in state custody as of      _____
    Rule 20 from the _____      District of _____

    Is this a potential death penalty case? (Yes or No)      _____

7.  Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?      _____ Yes    _✓_ No

8.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?      _____ Yes    _✓_ No
    If yes, was it pending in the Central Region?      _____ Yes    _____ No

9.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?      _____ Yes    _✓_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?      _____ Yes    _✓_ No

11. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?      _✓_ Yes      No

_____
Kenneth C. Vert
Assistant United States Attorney
Court Bar No. A5501132

\*Penalty Sheet(s) attached

REV.9/11/07

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   JUDITH MASSARO    No.: _____

Count #1:
Obstruction of justice by corruptly endeavoring to impede or impair the administration of internal revenue laws; in violation of 26 U.S.C. § 7212(a)
*Max Penalty:   Three years imprisonment; 1 year supervised release and $250,000 fine

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96